No. 94-627

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DAVID M. and CONNIE LARAMIE,

      Plaintiffs and Appellants,

  v.

DONALD and ELIZABETH JEFFERY,

      Defendants and Respondents.

**FILED**

JUL 17 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

      Leonard J. Haxby, Haxby & Somers, Butte, Montana

      For Respondents:

      Thomas J. Joyce, Hennessey, Joyce, McCarthy &
      Wing, P.C., Butte, Montana

Submitted on Briefs:  June 20, 1995

Decided:  July 17, 1995

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In this action, David M. and Connie Laramie seek specific performance of a contract in which they agreed to purchase property from Donald and Elizabeth Jeffery. The District Court for the Second Judicial District, Silver Bow County, granted the Jefferys' motion for summary judgment. We affirm.

The dispositive issue is whether summary judgment was proper because the requirements of § 30-11-111, MCA, were not met.

In September 1993, Elizabeth Jeffery signed an agreement with Harrison Avenue Realty to list for sale a leasehold interest on U.S. Forest Service land in Jefferson County, Montana, including a cabin and outbuildings. On October 19, 1993, David and Connie Laramie signed an Agreement to Sell and Purchase the leasehold, ostensibly also signed by Donald and Elizabeth Jeffery. On October 26, 1993, Elizabeth Jeffery informed Maureen Britton of Harrison Avenue Realty that, after consulting with her husband, she no longer wished to go through with the sale.

The Laramies then filed this lawsuit seeking specific performance of the Agreement to Sell and Purchase. The Jefferys moved for summary judgment under Rule 56(c), M.R.Civ.P. In support of their motion, they filed Donald Jeffery's affidavit stating that he, individually, was the holder of the leasehold interest in the Jefferson County property, that he did not sign the Agreement to Sell and Purchase, and that he did not consent to allow Elizabeth Jeffery to sign that agreement on his behalf.

2

In rebuttal, the Laramies produced an affidavit in which their attorney stated that Maureen Britton had told him that Donald Jeffery signed either the listing agreement or the Agreement to Sell and Purchase, but she could not remember which one. The District Court correctly observed that this affidavit, as hearsay, would not be admissible into evidence.

As noted by the District Court, an agreement to transfer an interest in real property must be in writing and subscribed by the party to be charged or his agent. Section 30-11-111, MCA. Selling leased land involves a transfer of an interest in real property. Aye v. Fix (1978), 176 Mont. 474, 478, 580 P.2d 97, 99, appeal after remand 192 Mont. 141, 626 P.2d 1259.

On appeal, the Laramies argue that Elizabeth Jeffery signed the Agreement to Sell and Purchase as Donald Jeffery's agent, and that, at a minimum, she had a right to convey her own interest in the property by her signature on the agreement. This argument is without merit. The Laramies have not produced anything which could be introduced into evidence to rebut Donald Jeffery's sworn statement that he owned the property individually. Nor have they produced anything to rebut his sworn statements that he did not sign the Agreement to Sell and Purchase and that he did not give Elizabeth Jeffery authority to act as his agent in entering the agreement.

In light of § 30-11-111, MCA, we conclude that no issue of material fact exists as to whether there was a valid agreement to sell and purchase the leasehold interest. Absent a valid agreement

3

signed by the owner of the real property, or by the agent of **the** owner authorized in <u>writing</u> to sign an agreement to sell, the remedy of specific performance is unavailable. We hold that the District Court did not err in granting summary judgment to the Jefferys.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

July 17, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Leonard J. Haxby
HAXBY & SOMERS
Box 3008
Buttte MT 59702-3008

Thomas J. Joyce
HENNESSEY, JOYCE, McCARTHY & WING, P.C.
Box H
Butte MT 59703

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _L. Gallagher_
Deputy